**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(Boston Division)**

MICRO FOCUS (US), INC.
700 King Farm Blvd., Suite 400
Rockville, Maryland 20850

MICRO FOCUS IP DEVELOPMENT LIMITED
The Lawn, 22-30 Old Bath Road
Newbury, Berkshire, RG14 IQN
United Kingdom

Plaintiffs

v.

GENESYS SOFTWARE SYSTEMS, INC.
5 Branch Street
Methuen, MA 01844

Defendant.

CIVIL ACTION NO. ____________

## COMPLAINT

Plaintiffs, Micro Focus (US), Inc. and Micro Focus IP Development Limited ("Micro Focus"), by their undersigned attorneys, sue Genesys Software Systems, Inc. ("Genesys") for compensatory damages in an amount to be established at trial and currently estimated to exceed $1,900,000.00 and for other relief. In support of its claims, Micro Focus states:

## THE PARTIES

1. Plaintiff Micro Focus (US), Inc. is a Delaware corporation with its principal place of business in Rockville, Maryland. Micro Focus (US), Inc., a subsidiary of Micro Focus International, plc, licenses and supports business enterprise computer software.

2. Plaintiff Micro Focus IP Development Limited is a United Kingdom corporation with its principal place of business in Newbury, England. Micro Focus IP Development Limited is the successor in interest by way of valid assignments to the author of various intellectual property rights at issue in this action and is also a subsidiary of Micro Focus International, plc. Plaintiffs hereafter are referred to collectively as "Micro Focus."

3. Defendant Genesys Software Systems, Inc. is a Massachusetts corporation with its principal place of business in Methuen, Massachusetts. Genesys develops payroll and human resources management software.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and because Micro Focus and Genesys are citizens of different states.

5. Genesys is subject to the personal jurisdiction of this Court because it is located within this judicial district.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Genesys is a resident of Massachusetts.

## THE NATURE OF THE ACTION

7. This action arises from Genesys's breaches of the End User License Agreement ("EULA") that governs Genesys's use of Micro Focus's software products. Genesys breached the EULA by permitting Micro Focus's software to be used by Genesys's customers, by deploying Micro Focus software to perform testing in a manner not permitted by the EULA, and by failing to maintain required support services on software licensed from Micro Focus.

## FACTS COMMON TO ALL COUNTS

### A. The Micro Focus Software

#### (i) Net Express

8. Micro Focus is the author and owner of the original, proprietary software program known as Net Express ("Net Express"), among other products.

9. Net Express consists of a collection of tools for editing, compiling, and debugging, in a Microsoft Windows environment, computer applications written in COBOL, one of the oldest programming languages still prevalent in today's computing systems.

10. By debugging and improving software applications written in COBOL, Net Express helps programmers use existing COBOL source code in applications that can interface with more modern software.

11. Net Express translates source code from COBOL into a set of instructions that can be executed with other programs. For example, COBOL source code developed with Net Express will employ Micro Focus's runtime system and application server files to handle system functions such as file and memory management.

12. This process, sometimes referred to as "compiling" source code, integrates the proprietary Micro Focus computer code with the COBOL application. The resulting program is able to run on a computer system as a stand-alone software application, but its operation depends on the embedded Micro Focus software code.

**(ii) <u>The licenses required for use of Net Express</u>**

13. Users of Net Express must purchase "development licenses" in order to permit the licensee to create and develop an application. Users must purchase "deployment licenses" in order to permit the deployment, whether in a production environment or otherwise, of the Net Express software that has been incorporated into an application.

14. The type of development license relevant to this action, a "Named User License," permits one person, specifically identified by the licensee, to use Net Express.

15. Genesys only has development licenses installed and in use. Genesys purchased one deployment license but such license is not installed or in use, and support for such license was not renewed in April 2001. As a consequence, Genesys is not permitted to deploy the Net Express software that has been incorporated into an application, whether in a production environment or otherwise.

16. In addition to the original Micro Focus software, Micro Focus provided associated support services such as software updates authored by Micro Focus to improve the Micro Focus software, answering customer questions, and solving particular problems.

**B. <u>The Genesys Software and Services</u>**

17. Genesys's "Genesys Payroll" software application is a payroll and human resources management program that handles payroll and various related functions for organizations.

18. Genesys hosts, or at times pertinent to this action has hosted, Genesys Payroll on one or more servers that Genesys makes accessible to its customers over the Internet. "Hosting" an application is when a software program is operated on a computer system not controlled by the party "accessing" the application but the party accessing it may utilize the functions of such hosted application as if it was operating on their own computer system. An example would be if one were to utilize a tax preparation program via the internet as opposed to installing such program on his/her own computer.

19. In this way, Genesys's customers gain access to Genesys Payroll without installing the software on their own computers or paying to Micro Focus the license fees associated with such installation.

20. Genesys also performs functions sometimes referred to as "user-acceptance testing," whereby Genesys tests the performance of Genesys Payroll in a software environment that simulates that of the customer.

**C. Genesys's Licenses to Use Net Express**

21. Beginning in or about July 2000 and continuing through March 2011, Genesys acquired from Mircro Focus licenses to use Net Express solely for its own internal use and benefit.

22. Pertinent to this action, Genesys purchased on or about January 14, 2003 a "named user" license for version 3.1.00 SP1 of Net Express.

23. Genesys maintained only one of its Net Express licenses (Serial No. 710692) on support.

**D. The Limitations on Genesys's Use of Net Express**

**(i) The applicable EULA**

24. On or about March 7, 2011, Genesys updated and installed a single user license for Net Express version 5.1.04.

25. As part of the installation process, Genesys was presented with the EULA and prompted, as a condition of completing the installation, to verify Genesys's acceptance of the EULA.

26. Per the terms of the EULA, such EULA governed not only Net Express version 5.1.04, but also "any prior versions of the Licensed Software licensed by Licensee."

27. Accordingly, the EULA applies to all versions of Net Express licensed by Genesys.

**(ii) The EULA Prohibits third-party use of Net Express and deployment of Net Express**

28. The Micro Focus EULA makes clear that, subject to certain narrow exceptions, "Licensee shall have the right to use the Licensed Software solely for its own internal use and benefit."

29. Specifically, "[f]or the avoidance of doubt, the license granted herein does not permit . . . the public to access or use the Licensed Software (including without limitation, via the internet) except as specifically provided in Appex. 1 hereunder," and Appendix 1 makes clear that internet access by the public may be authorized only "in connection with Licensee' internal business purposes . . . but not for the public' and/or Licensee' customers'

own internal use," with any such authorization requiring the prior written consent of Micro Focus and the payment of additional license fees.

30. Under Section 2.6 of the EULA, Genesys expressly agreed that it would not "[u]se the Licensed Software for timesharing, facilities management, outsourcing, hosting, service bureau use, other data processing services to third parties or like purposes."

31. Further, under Section 2.10, Genesys agreed that it would not "[u]tilize for itself, or permit any third party to utilize, any software application program created, in whole or in part, utilizing any Licensed Software without a valid and properly granted Deployment Product License."

32. In addition, under Section 2.5 of the EULA, Genesys may not "[a]ssign, sell, rent, lease, lend, sublicense, outsource or otherwise transfer the Licensed Software to any third party, or authorize or appoint any third party to do so."

**(iii) The EULA requires that Genesys purchase support services for all copies of Net Express if support is purchased for any copy of the program.**

33. Under Section 6 of the EULA, "[w]here Licensee purchases maintenance for any Licensed Software product licensed hereunder, Licensee hereby agrees that it shall purchase such support services for all of Licensee's licensed copies of such Licensed Software product on the relevant computer platform." That is, there is an all-or-nothing requirement: licenses of a particular software product family must all be under support or none of them are permitted to be covered by the Micro Focus support services.

34. In the context of this case, this Section 6 of the EULA required that Genesys purchase support services for all licensed copies of Net Express since it was already purchasing support for the development licenses.

**E. Genesys's Unauthorized Uses of Net Express and Associated Support Services**

35. By hosting the Genesys Payroll application on a server accessible to Genesys's customers over the Internet, Genesys has exceeded, and continues to exceed, the use permitted under the EULA, which expressly disallows hosting.

36. By having performed and continuing to perform user-acceptance testing, Genesys exceeds the use of Net Express permitted under the EULA, which expressly disallows deployment.

37. By purchasing support services for only one of its licensed copies of Net Express, Genesys failed to comply with the restriction in the EULA requiring that support be maintained for all copies of Net Express.

38. In addition, based on information that Micro Focus expects will be confirmed with evidentiary support after a reasonable opportunity for further investigation and discovery, Genesys also permitted a third party, PeopleStrategy, Inc., to use the licensed Net Express software pursuant to a purported assignment, sale, lease, lending arrangement, sublicense, outsource, or otherwise -- any and all of which fail to comply with restrictions in the EULA limiting authorized use to Genesys and prohibiting any such arrangements that would enable a third party such as PeopleStrategy, Inc. to use Net Express.

**COUNT I**
**(Breach of Contract --Prohibited Hosting Services and Third Party Use)**

39. Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

40. Genesys entered a contract, the EULA, that defines the terms under which Genesys could use Net Express.

41. The EULA prohibits Genesys from allowing the public to use Net Express in a hosted environment.

42. Genesys nonetheless permitted the public to use Net Express by making Genesys Payroll available in a hosted environment.

43. In addition, based on information that Micro Focus expects will be confirmed with evidentiary support after a reasonable opportunity for further investigation and discovery, Genesys permitted a third party, PeopleStrategy, Inc., to use Net Express.

44. Genesys thereby materially breached the EULA.

45. As a direct consequence of Genesys's breach, Micro Focus has suffered, and it continues to suffer, substantial damages.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A) award compensatory damages against Genesys in an amount to be established at trial and currently estimated to exceed One Million Nine Hundred Thousand Dollars ($1,900,000.00) based upon Micro Focus's license fees, applicable maintenance fees, and contractually mandated interest;

(B) award Micro Focus pre-judgment interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C) grant Micro Focus such other and further relief as may appear just and proper.

**COUNT II**
**(Breach of Contract --Unauthorized Deployment)**

46. Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

47. The EULA prohibits Genesys from deploying Micro Focus's proprietary Net Express software.

48. Genesys nonetheless deployed Net Express by performing user-acceptance testing.

49. Genesys thereby materially breached the EULA.

50. As a direct consequence of Genesys's breach, Micro Focus has suffered, and it continues to suffer, substantial damages.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A) award compensatory damages against Genesys in an amount to be established at trial and currently estimated to exceed One Million Nine Hundred Thousand Dollars ($1,900,000.00) based upon Micro Focus's license fees, applicable maintenance fees, and contractually mandated interest;

(B) award Micro Focus pre-judgment interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C) grant Micro Focus such other and further relief as may appear just and proper.

**COUNT III**
**(Breach of Contract − Improper Use of Maintenance Services)**

1. Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

2. The EULA requires Genesys to purchase support for all of its Net Express licenses if it purchases support for any of them.

51. Genesys nonetheless purchased support for only one of its Net Express licenses;

52. Genesys thereby materially breached the EULA.

53. As a direct consequence of Genesys's breach, Micro Focus has suffered, and it continues to suffer, substantial damages.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A) award compensatory damages against Genesys in an amount to be established at trial and currently estimated to exceed One Million Nine Hundred Thousand Dollars ($1,900,000.00) based upon Micro Focus's license fees, applicable maintenance fees, and contractually mandated interest;

(B) award Micro Focus pre-judgment interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C) grant Micro Focus such other and further relief as may appear just and proper.

Respectfully submitted,

/S/ *Joseph F. Ryan*

Joseph F. Ryan BBO# 435720
`
E. Kate Buyuk BBO#013370
Lyne Woodworth & Evarts LLP
12 Postoffice Square
Boston, MA 02109
Telephone 617/523-6655 - Telecopy 617/248-9877
E-mail: Jryan@LWELaw.com

Stuart M.G. Seraina
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030 - Telephone
(410) 539-1269 - Facsimile
Email: sseraina@kg-law.com

Attorneys for Plaintiffs
Micro Focus (US), Inc.
Micro Focus IP Development Limited

Dated: October 30, 2014.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Micro Focus (US), Inc. and Micro Focus IP Development Limited hereby demand a trial by jury of all issues triable of right by a jury.

/S/ *Joseph F. Ryan*
Joseph F. Ryan BBO# 435720
E. Kate Buyuk BBO#013370
Lyne Woodworth & Evarts LLP
12 Postoffice Square
Boston, MA 02109
Telephone 617/523-6655 - Telecopy 617/248-9877
E-mail: Jryan@LWELaw.com

Stuart M.G. Seraina
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030 - Telephone
(410) 539-1269 - Facsimile
Email: sseraina@kg-law.com

Attorneys for Plaintiffs,
Micro Focus (US), Inc. and
Micro Focus IP Development Limited