United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| MICRO FOCUS (US), INC. and MICRO FOCUS IP DEVELOPMENT LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> GENESYS SOFTWARE SYSTEMS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 14-14049-NMG |

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises from an alleged breach of a software license agreement by defendant Genesys Software Systems, Inc. ("Genesys"), a company that develops payroll and human resources management software. Plaintiffs Micro Focus (US), Inc. and Micro Focus IP Development Limited (jointly "Micro Focus") allege that Genesys breached the End User License Agreement ("the EULA") governing the use of their proprietary software program Net Express.

Pending before the Court is defendant's motion to dismiss. For the reasons that follow, the motion will be denied.

## I. Background

### A. The End User License Agreement

Micro Focus is the author and owner of Net Express, a software program consisting of a collection of tools for editing, compiling and debugging computer applications written in the programming language COBOL. According to the plaintiffs, Net Express translates source code written in COBOL into an "executable" stand-alone software application embedded with Micro Focus software code.

Users of Net Express must purchase both a "development license" to create and develop an application as well as a "deployment license" to permit the deployment of the Net Express software that has been incorporated into an application. The "named user license" is a type of development license that permits one person specifically identified by the licensee to use Net Express.

As part of the installation process, all licensees of Net Express must accept the terms of the EULA which prohibits third-party use of the software program. A licensee agrees to use Net Express "solely for its own internal use and benefit," subject to certain narrow exceptions. Specifically, a licensee agrees that it will not 1) use the software for outsourcing or hosting other data processing services to third parties, 2) use or permit any third party to use a software application program

created with Net Express without a valid deployment license or 3) assign, sell or otherwise transfer the software to any third party.

The EULA also requires a licensee to purchase support services for all licensed copies of Net Express if such service is purchased for any copy of the program.  Accordingly, either all licenses of Net Express must be covered by Micro Focus support services or none of them is permitted to be covered.

**B.  Alleged Breach by Genesys**

Between July, 2000 and March, 2011, Genesys acquired licenses from Micro Focus for the use of Net Express to run its software application "Genesys Payroll."  For example, in January, 2003, defendant purchased a "named user license" for version 3.1.00 SP1 of Net Express.  Although defendant has had more than one Micro Focus development license installed and in use, it maintained only one of its licenses on support services. Genesys has also purchased a deployment license but that license is not installed or in use and support services for that license has not been renewed since April, 2001.

In March, 2011, Genesys updated and installed a single user license for Net Express version 5.1.04.  As part of the installation process, defendant accepted the terms of the EULA which governed that version of Net Express as well as all prior versions.

Plaintiffs assert that Genesys violated the EULA in the following ways: 1) by hosting Genesys Payroll on one or more servers that defendant makes accessible to its customers over the internet, thereby allowing third parties to access the application without installing the software on their own computers or paying Micro Focus license fees associated with such installation; 2) by impermissibly deploying Net Express through "user-acceptance testing" whereby defendant tests the performance of Genesys Payroll in an environment that simulates that of the customer; and 3) by maintaining support services for only one of its Net Express licenses. Finally, plaintiffs expect to confirm through discovery that defendant permitted a third party, PeopleStrategy, Inc., to use the licensed Net Express software.

**C. Procedural history**

Plaintiffs filed their complaint in October, 2014 alleging that defendant breached the EULA by 1) impermissibly hosting services and permitting third party use of Micro Focus's software (Count I), 2) deploying the software in an unauthorized manner (Count II) and 3) failing to maintain required support services (Count III).

Genesys moved to dismiss the complaint in January, 2015 and the Court held a hearing on that motion in April, 2015.

## II. Defendant's motion to dismiss

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  The Court, however, need not accept legal conclusions as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id.  Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

### B. Application

#### 1. Preemption by the Federal Copyright Act

Defendant contends that the claims for breach of contract in Counts I and II of the complaint are preempted by the Copyright Act because plaintiffs are essentially alleging that Genesys distributed their copyrighted software.  Genesys further contends that plaintiffs have failed to state a claim for copyright infringement because they do not allege the necessary

elements of ownership of a valid copyright registration or any copying of the Net Express software.

Section 301(a) of the Copyright Act precludes enforcement of any state cause of action that is equivalent in substance to a federal copyright infringement claim. 17 U.S.C. § 301(a); see also John G. Danielson, Inc. v. Winchester-Conant Properties, Inc., 322 F.3d 26, 44 (1st Cir. 2003). The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution and display. 17 U.S.C. § 106. A state law claim will not be preempted by the Copyright Act, however, if that cause of action

> requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display [because] the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim...

Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1164 (1st Cir. 1994) abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010) (internal quotation marks omitted).

A majority of courts to address the issue have found that claims for breach of contract in the software licensing context are not preempted by the Copyright Act. See, e.g., Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005) ("Most courts have held that the Copyright Act does *not* preempt the enforcement of contractual rights.") (emphasis in the original);

Bowers v. Baystate Technologies, Inc., 320 F.3d 1317, 1324 (Fed. Cir. 2003) (collecting cases from the Fourth, Fifth, Sixth, Seventh and Eighth Circuit Court of Appeals). The Eighth Circuit Court of Appeals has explained, for example, that a contractual restriction on the use of a licensed software program constitutes

> an extra element...making [the] cause of action [under contract law] qualitatively different from an action for copyright.

Nat'l Car Rental Sys., Inc. v. Computer Associates Int'l, Inc., 991 F.2d 426, 431 (8th Cir. 1993).

Similar reasoning applies to plaintiffs' claims. In Count I, plaintiffs contend that defendant breached the EULA by engaging in hosting services and permitting third party access to Net Express. In Count II, Micro Focus avers that defendant impermissibly deployed Net Express by performing user acceptance testing. Both claims require the extra element of unauthorized use of the software's end-product beyond the required elements for stating a copyright infringement claim. See Altera Corp., 424 F.3d at 1090. Plaintiffs' contract claims in Counts I and II are therefore not preempted by the Copyright Act.

Moreover, the Court concludes that plaintiffs have sufficiently stated their claims for breach of contract because they have alleged the existence of contractual obligations owed by Genesys and that defendant breached those obligations. See

-7-

RRC Ne., LLC v. BAA Maryland, Inc., 413 Md. 638, 658, 994 A.2d 430, 442 (2010).[1]

Accordingly, the motion to dismiss Counts I and II of the complaint will be denied.

### 2. Count III

Defendant contends that plaintiffs' claim for breach of contract due to failure to pay contractually mandated maintenance fees is wholly conclusory and lacks factual allegations to survive a motion to dismiss because Micro Focus fails to allege the number of Net Express licenses issued to Genesys, the content of such licenses and the maintenance required.

The Court disagrees. The complaint alleges that the EULA requires a licensee to purchase support services for all copies of its Net Express licenses but that Genesys breached the contract by purchasing support services for only one of its licensed copies. Plaintiffs have also alleged damages resulting from the breach. Those assertions are sufficient to state a claim for a breach of contract.

The motion to dismiss Count III of the complaint will therefore be denied.

---

[1] Plaintiffs state that the EULA is governed by Maryland law.

## ORDER

For the foregoing reasons, the motion to dismiss filed by Genesys Software Systems, Inc. (Docket No. 7) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 3, 2015