**United States District Court**
**District of Massachusetts**

```
_____
                                )
MICRO FOCUS (US), INC. and      )
MICRO FOCUS IP DEVELOPMENT       )
LIMITED,                         )
                                )
         Plaintiffs,            )
                                )    Civil Action No.
         v.                     )    14-14049-NMG
                                )
GENESYS SOFTWARE SYSTEMS, INC.,  )
                                )
         Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from an alleged breach of a software license agreement by defendant Genesys Software Systems, Inc. ("Genesys"), a company that develops payroll and human resources management software. Plaintiffs Micro Focus (US), Inc. and Micro Focus IP Development Limited (jointly "Micro Focus") allege that Genesys breached the End User License Agreement ("the EULA") governing the use of Micro Focus's proprietary software program Net Express. Genesys raises a counterclaim for a declaratory judgment that it has not infringed 1) any copyright or 2) any patent owned by Micro Focus.

Pending before the Court is Micro Focus's motion to dismiss that counterclaim. For the reasons that follow, the motion will be allowed.

-1-

I.    **Background and Procedural History**

Micro Focus is the author and owner of Net Express, a software program consisting of a collection of "tools" for editing, compiling and debugging computer applications written in the programming language COBOL.  Net Express allegedly translates source code written in COBOL into "executable," stand-alone software applications embedded with Micro Focus software code.

Users of Net Express must accept the terms of the EULA which prohibits third-party use and deployment of the software program.  A licensee agrees to use Net Express "solely for its own internal use and benefit," subject to certain narrow exceptions.  The EULA also requires a licensee to purchase support services for all licensed copies of Net Express if such service is purchased for any copy of the program.  Licensees cannot pick and choose; it is either support services for all or for none.

Between July, 2000 and March, 2011, Genesys acquired licenses from Micro Focus for the use of Net Express to run its software application "Genesys Payroll."  In October, 2014, Micro Focus filed a complaint alleging that, during that period, Genesys had breached the EULA by 1) impermissibly hosting services and permitting third party use of Micro Focus's software (Count I), 2) deploying the software in an unauthorized

manner (Count II) and 3) failing to maintain required support services (Count III).

Genesys moved to dismiss the complaint in January, 2015 contending that 1) the claims for breach of contract in Counts I and II of the complaint are preempted by the Copyright Act and 2) plaintiffs failed to state a claim for copyright infringement.  In April, 2015, this Court denied that motion to dismiss, concluding that Micro Focus's claims for breach of contract are 1) not preempted because they require an extra element beyond the required elements for stating a copyright infringement claim and 2) sufficiently stated because they allege the existence and breach of Genesys's contractual obligations to Micro Focus.

Genesys subsequently filed a counterclaim in April, 2015, seeking a declaratory judgment of 1) non-infringement of any copyright (Count I) and 2) non-infringement of any patent (Count II) owned by plaintiffs.  Micro Focus moved to dismiss the counterclaim in May, 2015 for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.  Plaintiffs' Motion to Dismiss the Counterclaim

### A.   Legal Standard

The Declaratory Judgment Act ("the Act") provides that a federal court may "declare the rights and other legal relations

of any interested party seeking such declaration." 28 U.S.C. §
2201(a).  The Act does not provide an independent basis for
federal jurisdiction, but rather is limited to cases of "actual
controversy" that are justiciable under Article III of the
United States Constitution. MedImmune, Inc. v. Genentech, Inc.,
549 U.S. 118, 127 (2007) (internal citations omitted).  The
party seeking a declaratory judgment bears the burden of
demonstrating the existence of an actual controversy. See
Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1344
(Fed. Cir. 2007), cert. denied, 553 U.S. 1014 (2008).

    To satisfy the "actual controversy" requirement, the Court
considers whether there is

> a substantial controversy, between parties having
> adverse legal interests, of sufficient immediacy and
> reality to warrant the issuance of a declaratory
> judgment.

MedImmune, 549 U.S. at 127 (internal citations omitted).
Establishing a justiciable controversy requires a context-
specific inquiry based on the totality of the circumstances. Id.
Moreover, the Act confers on the Court "unique and substantial
discretion" in determining whether and when to entertain a
counterclaim for declaratory judgment. See Wilton v. Seven Falls
Co., 515 U.S. 277, 286 (1995).

**B.   Application**

Genesys asserts that the counterclaim of non-infringement presents an actual controversy to support federal jurisdiction. According to Genesys, if Micro Focus is the author and owner of the Net Express software as it alleges, then Micro Focus's proprietary rights under the EULA must be based upon either the Copyright Act or the Patent Act.  Genesys therefore contends that, by alleging a breach of the EULA, Micro Focus is essentially asserting claims of patent or copyright infringement.

Genesys relies, in part, on the recent ruling by the United States Supreme Court in MedImmune, in which the Court held that a declaratory judgment does not require an actual violation of the law to present a justiciable controversy. See 549 U.S. at 137.  In that case, a patent licensee sought a declaratory judgment as to whether a certain patent was invalid or unenforceable before the licensee had even breached the relevant licensing agreement. Id.  Because, in this case, Micro Focus has already alleged that defendant violated the EULA, Genesys contends that there is a justiciable dispute here.

The holding in MedImmune is, however, inapposite to the factual circumstances in this case.  In MedImmune, prior to seeking declaratory relief, the licensee received a letter from the patent holder stating a "clear threat" to enforce specific

-5-

patent rights if the patentee failed to make royalty payments under the parties' license agreement. Id. at 122.  The Court found that such correspondence demonstrated the parties' "adverse legal interests" in a justiciable infringement dispute. See id. at 127, 137; see also Sony Elecs., Inc. v. Guardian Media Techs., Ltd., 497 F.3d 1271, 1286 (Fed. Cir. 2007) (noting that the parties' substantial correspondence, including "detailed infringement analyses," supported the existence of an actual controversy).

In contrast, here Genesys proffers no facts to indicate that Micro Focus has raised, or even threatened to raise, a patent or copyright infringement claim with respect to the Net Express software. See MedImmune, 549 U.S. at 121-22.  Rather, Genesys concedes that Micro Focus has never asserted patent or copyright ownership of the software. See Applera Corp. v. Michigan Diagnostics, LLC, 594 F. Supp. 2d. 150, 160 (D. Mass 2009) (dismissing declaratory judgment claim for lack of a justiciable controversy where patent holder "did not make any specific allegations of infringement"); Sandoz Inc. v. Amgen Inc., 773 F.3d 1274, 1280 (Fed. Cir. 2014) (affirming dismissal of declaratory judgment action where complaint "sa[id] nothing about the specific patent claims").

Genesys therefore fails to establish that any infringement dispute between the parties is "of sufficient immediacy and

reality" to warrant a declaratory judgment. See MedImmune, 549 U.S. at 127 (internal citations omitted).  Instead, Micro Focus maintains that it purposefully "styled the controversy" as a breach of contract, rather than a copyright claim.  Moreover, this Court has determined that plaintiffs' claims for breach of contract are "qualitatively different from," and not governed by, copyright infringement claims. Micro Focus (US), Inc. v. Genesys Software Sys., Inc., 14-14049-NMG, 2015 WL 1523606, *3 (D. Mass. Apr. 3, 2015) (internal citations omitted).  Thus, Genesys's counterclaim is effectively requesting "an opinion advising what the law would be upon a hypothetical" infringement claim by Micro Focus. See MedImmune, 589 U.S. at 127 (internal citations omitted); see also U.S. Liability Ins. Co. v. Selman, 70 F.3d 684, 694 n.9 (1st Cir. 1995) (noting that "courts have no obligation to answer hypothetical questions"); Applera, 594 F. Supp. 2d. at 160 (dismissing declaratory judgment action that essentially sought an advisory opinion against a patent holder who "may *never* sue" for infringement) (emphasis in original).

The motion to dismiss Genesys's counterclaim will therefore be allowed.

## ORDER

For the foregoing reasons, the motion filed by Micro Focus (US), Inc. and Micro Focus IP Development Limited to dismiss both counts in the counterclaim by Genesys Software Systems, Inc. (Docket No. 31) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
Dated July 21, 2015              United States District Judge